WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | No. CR 99-206 PCT RCB (LOA) |
| | ) | CIV 04-977 PCT RCB |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| GERALD D. NAHA, SR., | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| _____ | ) | |

Currently pending before the Court are Movant Gerald D. Naha's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 62), Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 59), motion for change of judge (doc. # 66), motion for expedited ruling on his motion for change of judge (doc. # 72), "Motion of Objection to Denial of Movant's Motion to Supplement to Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentencing" (doc. # 71), motions requesting disclosure of grand jury matters (doc. ## 65, 78), motion for leave to conduct discovery pursuant to Rule 6 of the § 2255 Rules (doc. # 77), and motion for release from custody

pursuant to Circuit Rule 23-1 (doc. # 76).  Having carefully
considered the arguments raised, the Court now rules.

**I.    BACKGROUND**

On November 16 and 17, 1999, Movant was tried before a jury in
this Court on two counts of sexual abuse of a minor, 18 U.S.C. §§
1153, 2243(a), in connection with conduct occurring on the White
Mountain Apache Indian Reservation on April 18 and 19, 1998.  See
Tr. of Jury Trial (doc. # 48) at 7:9-17; Indictment (doc. # 1).

On the first day of Movant's trial, the Court conducted three
conferences with counsel in chambers and at sidebar to deal with
general matters relating to the conduct of trial and questions of
law raised by counsel's motions in limine.  Tr. of Jury Trial (doc.
# 48) at 3-17, 19-26, 90-92.  At the first of these conferences,
counsel invoked Rule 615 of the Federal Rules of Evidence so as to
prevent witnesses from hearing one another's trial testimony.  Id.
at 6:6-19.  It also came to light at this conference that Movant's
mother could be called to testify based on allegations that she
contacted the victim and her mother in an attempt to persuade them
to drop the charges.  See id. at 11:6-25, 12:1-7.

At trial, the victim testified that on the evening of April
18, 1998 she drove her mother's car to pick up Movant from his
mother's home.  Id. at 53-56.  Thereafter, Movant assumed control
of the vehicle, and, while the victim's eighteen-month-old brother
was in the backseat of the vehicle, consumed alcohol, cocaine, and
marijuana with the victim, and engaged in sexual acts with the
victim on two occasions.  Id. at 56-70, 79.  The victim's mother
testified that, on the morning following these events, she found
Movant in her vehicle with her daughter and son, and that Movant

told her some time later that what took place "wasn't rape, it was love." Id. at 81-82, 85.  Finally, a criminal investigator for the Bureau of Indian Affairs ("BIA") testified to statements volunteered by Movant during his investigation.  Tr. of Jury Trial (doc. # 49) at 25-32.

On November 17, 1999, the jury convicted Movant on one count of sexual abuse of a minor, 18 U.S.C. § 1153 and 2243(a).  Jury Verdict (doc. # 27).  On January 31, 2000, Movant was sentenced to a term of imprisonment of 160 months followed by a term of supervised release of 36 months.  J. and Commitment (doc. # 43).

On direct appeal, Movant argued (1) that the Court erred in admitting a statement that he volunteered to the BIA investigator after being advised of his Miranda rights, and (2) that the Court engaged in impermissible double counting under the U.S. Sentencing Guidelines by looking to the same conduct to increase the base offense level for use of force and also to enhance the sentence for having the victim under his "care, custody and control."  Notice of Appeal (doc. # 45).  The Ninth Circuit rejected both arguments, Mem. (doc. # 52) at 1-3, and, on April 16, 2001, the United States Supreme Court denied Movant's petition for writ of certiorari.

On April 15, 2002, Movant sent an open letter to the Court with an enclosed § 2255 motion.  See Mot. (doc. # 62).  On April 29, 2004, Movant filed a motion requesting an expedited ruling on his § 2255 motion.  Mot. (doc. # 56).  Because the Court was not yet aware that a § 2255 motion had been attached to Movant's April 15, 2002 letter, it treated the April 29, 2004 document as a § 2255 motion and dismissed it as not properly presented.  Order (doc. # 58).  Thereafter, on June 1, 2004, Movant sent a letter advising

the Court that he had previously submitted a § 2255 motion with his April 15, 2002 letter.  Before receiving the Court's response to this second letter, Movant filed another § 2255 motion.  Mot. (doc. # 59).  In the intervening time, the Court located Movant's original § 2255 motion (doc. # 62) and ordered it filed <u>nunc pro tunc</u> as of April 15, 2002.  Order (doc. # 61).

On July 12, 2004, Movant filed a motion to supplement his original § 2255 motion (doc. # 62) with his second § 2255 motion and supporting memorandum (doc. ## 59-60).  Mot. (doc. # 64).  The Court construed this as a request to accept the original § 2255 motion previously submitted with Movant's April 15, 2002 letter, and denied the request as moot on the basis that it had already done precisely that.  Order (doc. # 69).  Thereafter, Movant filed his "Motion of Objection to Denial of Movant's Motion to Supplement to Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentencing."  Mot. (doc. # 71).

Since then, Movant has also filed a motion for change of judge (doc. # 66), a motion to expedite his motion for change of judge (doc. # 72), two motions requesting disclosure of grand jury matters (doc. ## 65, 78), a motion for leave to conduct discovery pursuant to Rule 6 of the § 2255 Rules (doc. # 77), and a motion for release from custody pursuant to Circuit Rule 23-1 (doc. # 76).

In addition to these myriad other motions, the Court has received a "personal letter" from Movant, dated December 26, 2005, with which Movant has enclosed three affidavits from family members.  The Court has also received letters and enclosures from Alamalee White and Bernadine Pusher, apparently Movant's mother and aunt.  Given that the mailing of such letters directly to the Court

is not a proper method for filing, and that Movant has expressly requested that his own letter not be construed as a motion, the Court simply notes that these letters, affidavits, and other enclosures are not properly before it, and accordingly gives them no consideration in resolving the pending motions.

## II.   DISCUSSION

In addition to his § 2255 motions (doc. ## 59, 62), Movant has filed a motion for change of judge (doc. # 66), a motion to expedite his motion for change of judge (doc. # 72), a motion for reconsideration of the Court's September 2, 2004 order denying his "Motion to Supplement to Petitioner's § 2255 Motion" (doc. # 71), two motions requesting disclosure of grand jury matters (doc. ## 65, 78), a motion for leave to conduct discovery pursuant to Rule 6 of the § 2255 Rules (doc. # 77), and a motion for release from custody pursuant to Circuit Rule 23-1 (doc. # 76).  Before addressing the merits of the claims raised in his underlying § 2255 motion, the Court addresses those other motions in that order.

### A. Motion to Disqualify Judge

Movant contends that the undersigned is personally biased against him and must therefore disqualify himself from hearing this case.  Mot. (doc. # 66) at 1-2.  He has requested expedited review of this motion.  Mot. (doc. # 72).

A judge must disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party.  28 U.S.C. §§ 455(a), 455(b)(1).  The test for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d

794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109
F.3d 1450, 1453 (9th Cir. 1997)).  To be disqualifying, the bias
must stem from an extrajudicial source.  In re Beverly Hills
Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984).  The mere fact of
adverse rulings against a party in prior proceedings is not a
sufficient ground to demonstrate bias or prejudice requiring
recusal under 28 U.S.C. § 455, unless the judge, in making those
rulings, "(1) relied upon knowledge acquired outside such
proceedings or (2) displayed deep-seated and unequivocal antagonism
that would render fair judgment impossible." Liteky v. United
States, 510 U.S. 540, 555-56 (1994); see also Ex parte Am. Steel
Barrel Co. & Seaman, 230 U.S. 35, 44 (1913) ("[Disqualification]
was never intended to enable a discontented litigant to oust a
judge because of adverse rulings made, for such rulings are
reviewable otherwise . . . ."); Lewis v. Tuscan Dairy Farms, 25
F.3d 1138, 1141 (2d Cir. 1994) (finding that district judge's
ruling against union president in prior proceeding did not require
judge's recusal in later case involving union).

    In this case, Movant's allegations of impartiality rest
primarily on the Court's decisions in Movant's trial, sentencing,
and post-conviction proceedings.  Mot. (doc. # 66) at 1-2.  As
instances of perceived bias, Movant claims that (1) on November 16,
1999 the Court "held an oral argument at [his] trial without his
knowledge," (2) the Court's upward departure in sentencing was
applied "out of personal spite," and (3) the Court failed initially
"to make his § 2255 motion a part of the record." Mot. (doc. # 66)
at 1-2.  The Court does not find that any of its actions would
impart an impression of bias to an objective observer.

1    Movant's first argument presumably refers to his absence from
2    three conferences with counsel that were conducted in chambers and
3    at side-bar on November 16, 1999.  See Tr. of Jury Trial (doc. #
4    48) at 3-17, 19-26, 90-92.  The conferences dealt with general
5    matters relating to the conduct of trial and questions of law
6    raised by counsel's motions in limine.  See id.  There is no
7    indication that Movant made a request to be present at any of these
8    conferences.  Even if such a request had been made, Rule 43(c)(3)
9    of the Federal Rules of Criminal Procedure does not require the
10   presence of a criminal defendant at a conference or argument on a
11   question of law.  Fed. R. Crim. P. 43(c)(3); see also United States
12   v. Veatch, 674 F.2d 1217, 1226 (9th Cir. 1981).

13   Movant's second argument regarding the upward departure in his
14   sentencing also fails to demonstrate bias.  Adverse decisions alone
15   are insufficient to warrant recusal, and Movant has not presented
16   any facts showing that this Court's sentencing decision was tainted
17   by extrajudicial bias or that the undersigned has otherwise
18   displayed a "deep-seated and unequivocal antagonism that would
19   render fair judgment impossible."  Liteky, 510 U.S. at 555-56.

20   Finally, Movant's third argument faults the Court for failing
21   to notice that he had submitted his first § 2255 motion as an
22   enclosure with his letter to the Court, which was received on April
23   15, 2002.  Mot. (doc. # 66) at 2.  As the Court explained before,
24   there was no reference to a § 2255 motion in Movant's letter.
25   Order (doc. # 61) at 1.  Moreover, as Movant should now understand,
26   it is a litigant's responsibility to submit filings to the Clerk of
27   the Court, not to the judge presiding over the case.  Under the
28   Local Rules of Civil Procedure for the United States District Court

1   for the District of Arizona, a person filing a § 2255 motion must

2   submit an original and two copies of the motion to the Clerk of the

3   Court.  LRCiv 3.5(a).  Notwithstanding the procedural defect in

4   Movant's filing, the Court submitted Movant's original § 2255

5   motion, upon its being located, to the Clerk of the Court to be

6   filed <u>nunc pro tunc</u> as of April 15, 2002 as a courtesy on account

7   of Movant's <u>pro se</u> status.  <u>See</u> Order (doc. # 61) at 3.  Had the

8   Court not exercised its discretion to allow this filing, all of

9   Movant's claims would have been barred by the one-year statute of

10  limitations imposed by the Anti-Terrorism and Effective Death

11  Penalty Act of 1996 ("AEDPA").[1]  <u>See</u> 28 U.S.C. § 2255.  Therefore,

12  the Court does not perceive any appearance of bias by virtue of its

13  initial failure to notice a motion that was improperly mailed to

14  chambers, particularly in light of its saving Movant's defectively

15  filed § 2255 motion from the AEDPA's time-bar.

16      In sum, Movant has not presented any facts from which the

17  Court's impartiality might reasonably be questioned, let alone

18  shown that any of the Court's prior decisions have been based on

19  extrajudicial bias or "deep-seated and unequivocal antagonism."

20  <u>See</u> <u>Liteky</u>, 510 U.S. at 555-56.  As such, Movant's request for

21  change of judge (doc. # 66) will be denied.  <u>See</u> <u>Tucker v. Kerner</u>,

22  186 F.2d 79, 85 (7th Cir. 1950) (stating that there is as much

23  obligation upon a judge not to recuse himself when there is no

24

25      [1]  Movant's conviction and sentence became final on April 16,
26  2001 when the United States Supreme Court denied his petition for
    writ of certiorari.  With certain exceptions not applicable here, the
27  AEDPA requires § 2255 motions to be filed within one year of the date
    on which the prisoner's conviction and sentence became final.  <u>See</u> 28
28  U.S.C. § 2255.

occasion for doing so as there is a duty for him to do so when there is).  Movant's motion to expedite the ruling on that motion (doc. # 77) will be denied and dismissed as moot.

**B. Motion to Reconsider**

On September 17, 2004, Movant filed his "Motion of Objection to Denial of Movant's Motion to Supplement to Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentencing."  Mot. (doc. # 71).  The Court construes this as a motion seeking reconsideration of the Court's September 2, 2004 order (doc. # 69) denying his "Motion to Supplement to Petitioner's § 2255 Motion" (doc. # 64). See id.

As explained above, Movant's motion to supplement (doc. # 64) initially appeared to be a request for the Court to accept the document enclosed with his April 15, 2002 letter as his § 2255 motion.  Id. at 1.  The Court denied the motion as moot, explaining that it had already located and accepted the enclosed § 2255 motion and ordered service of the same on the United States Attorney.  Id.

Having reviewed the current motion for reconsideration (doc. # 71) and the motion to supplement (doc. # 64), the Court now understands Movant's position to be as follows.  Movant is apparently frustrated with the delay caused by his decision to send his § 2255 motion to the Court rather than to the Clerk of the Court, and is peeved at the additional research he had to perform in preparing an amended § 2255 motion (doc. # 59) that ultimately proved unnecessary when the document intended as his original § 2255 motion (doc. # 62) was ultimately located.  See Mot. (doc. # 64).  Thus, it seems that Movant's motion to supplement (doc. # 64) was not only directed at preserving the filing date of his original

§ 2255 motion (doc. # 62), but also at supplementing that motion with the claims and arguments presented in his amended § 2255 motion (doc. # 59).  See Mot. (doc. # 71) at 2.  Believing this to be the more accurate account of the relief sought by Movant's motion to supplement (doc. # 64), the Court will revisit its decision (doc. # 69) and determine anew whether Movant's supplemental filing (doc. # 59) should be permitted.  See Fed. R. Civ. P. 60(a) ("Clerical mistakes in . . . orders . . . and errors therein arising from oversight or omission may be corrected by the court . . . on the motion of any party . . . .").

Movant's motion to supplement was based on Rule 15(d) of the Federal Rules of Civil Procedure.  Mot. (doc. # 64).  Supplemental pleadings under Rule 15(d) are permitted for the limited purpose of "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d).  None of the claims or arguments raised in Movant's amended § 2255 motion or the memorandum in support thereof (doc. ## 59-60) relate to "transactions or occurrences or events" that happened after the filing of his original § 2255 motion (doc. # 62).  Relief would be denied on that basis.

In light of his pro se status, the Court would be inclined to interpret his motion to supplement (doc. # 64) as a motion seeking leave to amend pursuant to Rule 15(a) to see if relief would be warranted on that basis.  However, Movant's second § 2255 motion (doc. # 59) omits the double jeopardy claim raised in his original § 2255 motion (doc. # 62).  Rule 15(a) would not allow the Court to consider the different claims raised in both sets of filings (doc. ## 59-60, 62), because an amended pleading supplants the original.

Therefore, relief would also be denied on that basis.

Movant should have sought leave to amend pursuant to Rule 15(a), and filed a complete amended § 2255 motion raising <u>all</u> relevant claims and arguments.  In the interest of justice, and finding that there will be no prejudice to the Government in doing so, the Court will grant Movant's motion for reconsideration (doc. # 71), as recommended by the magistrate judge.  <u>See</u> R&R (doc. # 74).  Movant's motion to supplement (doc. # 64) will be granted such that the Court will consider all claims for relief raised in Movant's original § 2255 motion (doc. # 62) as well as those raised in his amended § 2255 motion and memorandum in support thereof (doc. ## 59-60).

### C. Requests for Grand Jury Minutes

On July 19, 2004, Movant filed a document entitled "Ex Parte Motion in Request for Defendant's Grand Jury Minutes."  Mot. (doc. # 65).  By order entered July 27, 2004, the Court found that there was no reason to hear the motion <u>ex parte</u>, and directed the Clerk of the Court to transmit a copy of the motion to counsel for the Government for response.  Order (doc. # 67); <u>see also</u> Fed. R. Crim. P. 6(e)(3)(F)(i) (a defendant's petition to disclose a grand jury matter must be served on an attorney for the government).  On July 22, 2005, Movant filed a second request for disclosure of the grand jury minutes bearing upon his indictment, noting that Government's lack of opposition to his first request.  Mot. (doc. # 78).  A copy of this second request was served on counsel for the Government. <u>Id.</u>  To date, the Government has not responded to either request, and the time to do so has now passed.  Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition--

- 11 -

or untimely opposition-- as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious. LRCiv 7.2(i); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  For the reasons below, the Court finds that Movant's requests are not facially meritorious.

Grand jury proceedings are subject to a general rule of secrecy prohibiting the "disclos[ure] of matters occurring before the grand jury, except as otherwise provided for in the[] [Federal Rules of Criminal Procedure]."  Fed. R. Crim. P. 6(e).  Rule 6(e)(3)(C)(i) provides for disclosure of grand jury proceedings upon order of the district court "preliminary to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(C)(i); United States v. Baggot, 463 U.S. 476, 480 (1983).  The party seeking disclosure of the proceedings must demonstrate a particularized need for disclosure that "outweighs the public need for secrecy."  United States v. Sells Eng'g, Inc., 463 U.S. 418, 442 (1983).  "The particularized-need test requires that the materials sought be needed to avoid a possible injustice in another judicial proceeding and that the moving party's request be structured to cover only material so needed."  Baggot, 463 U.S. at 480 n.4 (internal quotations and citation omitted).  Thus, any disclosure must be based on careful inquiry into the "particulars of the judicial proceeding with respect to which disclosure is sought."  Id.; see, e.g., United States v. Wong, 78 F.3d 73, 83 (2d Cir. 1996) (noting that defendant's claim that disclosure of grand jury transcripts would assist collateral attack on conviction by proving that a witness lied at trial and before the grand jury may or may not be a sufficient showing of "particularized need").  In

considering the public need for secrecy, the district court must take into consideration the long-established policy that secrecy seeks to:

> (1) prevent the escape of prospective indictees, (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation, (4) encourage forthrightness in witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the grand jury.

United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993).

Although the present action initiated by Movant's § 2255 motion constitutes a judicial proceedings for purposes of Rule 6(e)(3)(C)(i), the Court finds that Movant has not made a sufficient showing of particularized need to overcome the strong interest in protecting the secrecy of the grand jury proceedings. The only factual basis provided in support of Movant's requests is the claim that he was convicted under the wrong social security number. Mot. (doc. # 65). The terminal digit of Movant's actual social security number is apparently "7," not "9." Id. Thus, Movant claims in his § 2255 motion that "he is not that person" who was indicted and later convicted. Mot. (doc. # 59) at 5. As the Court will explain below, further fact finding is not necessary to see that this argument provides no basis for relief under 28 U.S.C. § 2255. Movant's requests for disclosure of the grand jury proceedings (doc. ## 65, 78) will therefore be denied.

**D. Request for Discovery Pursuant to § 2255 Rule 6**

Movant has filed a document entitled "Movant's Motion to Request for Leave to Amend in Discovery Pursuant to Rule 6 of the § 2255 Rules to His § 2255 Motion to Vacate, Set Aside, and/or

Correct Sentencing of a Federal Prisoner."  Mot. (doc. # 77).  The
Court will construe this as a request for discovery, appointment of
an attorney to assist with discovery, and a stay of the proceedings
pending discovery, if granted.

"A habeas petitioner, unlike the usual civil litigant in
federal court, is not entitled to discovery as a matter of ordinary
course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Under Rule
6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge
may, for good cause, authorize a party to conduct discovery under
the Federal Rules of Criminal Procedure or Civil Procedure, or in
accordance with the practices and principles of law."  U.S.C.S.
Sec. 2255 Proc. R. 6(a).  Good cause is shown "where specific
allegations before the court show reason to believe that the
petitioner may, if the facts are fully developed, be able to
demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S.
at 908-09 (internal quotations omitted).  Thus, requests for
discovery pursuant to Rule 6 must be supported by specific reasons,
and the party making the request "must also include any proposed
interrogatories and requests for admission, and must specify any
requested documents."  U.S.C.S. Sec. 2255 Proc. R. 6(b).  Finally,
"[i]f necessary for effective discovery," the court must appoint an
attorney for moving parties who qualify under 18 U.S.C. § 3006A.
U.S.C.S. Sec. 2255 Proc. R. 6(a).

Movant's request for discovery is directed at uncovering
evidence of prosecutorial misconduct based on the prosecutor's
alleged use of perjured testimony by the victim's mother and a
general sense of prosecutorial "vindictiveness" and bias.  Mot.
(doc. # 77) at 2-3.  However, Movant has not attempted to identify

- 14 -

any of the "essential elements" of any claims he would hope to raise by amendment, see Bracy 520 U.S. at 904 (citation omitted), nor has he included any proposed interrogatories or requests for admission, or identified any documents to be produced or parties to be deposed as required under Rule 6(b).  Mot. (doc. # 77) at 2-3. In the absence of a clearly articulated scope for the discovery sought, the Court is unable to grant Movant's request.

It is also worth noting that the claim that Movant seeks to investigate would not be meritorious.  To reverse his conviction under that claim, Movant would have to demonstrate that "the prosecution knowingly presented false evidence or testimony at trial," and that the false evidence or testimony was material, i.e., that "there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury."  See Morris v. Ylst, 447 F.3d 735, 743 (9th Cir. 2006) (citations omitted).  Even if he could prove that the prosecutor knowingly put on perjured testimony by the victim's mother, that testimony was not material in any event.  There was ample evidence presented at trial by way of the victim's testimony and that of the BIA investigator to support Movant's conviction.  See Tr. of Jury Trial (doc. # 48) at 51-70, Tr. of Jury Trial (doc. # 49) at 25-32. Because there is not a reasonable likelihood that any alleged perjury by the victim's mother would have affected the judgment of the jury, any claim that Movant would hope to raise after discovery would fail on the merits.  See Morris, 447 F.3d at 743.

Therefore, Movant's request for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings (doc. # 77) will be denied.

**E. Request for Release Pursuant to Circuit Rule 23-1**

Movant has filed a motion entitled "Movant's Motion to Request for Release Pursuant to Circuit Rule 23-1."  Mot. (doc. # 76). Circuit Rule 23-1 provides as follows:

> Pending an appeal from the final decision of any court or judge in a proceeding attacking a sentence under 28 U.S.C. § 2255, or an appeal from an order disposing of a motion made under Rules 33 or 35 of the Federal Rules of Criminal Procedure or any other proceeding in which a question of interim release is raised, the detention or release of the prisoner shall be governed by FRAP 23(b), (c) and (d).

9th Cir. R. 23-1.  As there is no appeal pending, and a final decision on Movant's § 2255 has not yet issued, Movant's request is premature.  In any event, requests for release pursuant to the Circuit Rules and Federal Rules of Appellate Procedure, when raised at the appropriate time, should be directed to the United States Courts of Appeals for the Ninth Circuit, not the district court. Movant's request for release pursuant to Circuit Rule 23-1 (doc. # 76) will therefore be denied.

**F. Motion to Vacate, Set Aside, or Correct Sentence**

As bases for post-conviction relief, Movant claims that (1) he was illegally sentenced, (2) his conviction was obtained in violation of the protection against double jeopardy, (3) his conviction was based on an erroneous social security number, (4) he was denied effective assistance of counsel, and (5) he was denied the right to a fair trial.  Mot. (doc. ## 59-60, 62).  The Court addresses each argument in turn.

**1. Illegal Sentence**

Movant believes that his sentencing was improper, claiming that (1) the Court failed to make the required findings or

1  determinations during his sentencing hearing, (2) the Court did not

2  give Movant notice prior to his sentencing hearing of its intention

3  to apply an upward departure, (3) the Court imposed a lengthy

4  sentence out of personal spite, (4) the Court engaged in sentencing

5  entrapment, (5) the Court's condition of supervised release

6  prohibiting Movant from contacting the victim's family, including

7  his own children who are half-siblings of the victim, constitutes

8  cruel and unusual punishment in violation of the Eighth Amendment,

9  and (6) the Court's decision to increase his sentence based on

10  facts not found by the jury violated his Sixth Amendment right to a

11  trial by jury.  Mem. in Supp. (doc. # 60) at 4-7; Mot. (doc. # 62)

12  at 2; Reply (doc. # 70) at 4; Objections (doc. # 75) at 5.  The

13  Court rejects these claims for the following reasons.

14       The record of Movant's sentencing hearing demonstrates that

15  the Court made all the required findings and determinations.  See

16  Tr. of Sentencing (doc. # 50) at 19:4-21.  In addition, the Court

17  gave Movant notice prior to its consideration of the Government's

18  arguments for an upward departure, and offered Movant the

19  opportunity to continue at a later date.

20                 The Court: Now I will consider an upward
                   departure, and I will consider arguments about
21                 it.  That does not mean I will necessarily
                   depart upward, although I certainly may.
22
                   That being the case, it seems to me the
23                 defendant has the right to decide whether he
                   wishes to proceed today, or wishes a
24                 continuance, because I've indicated I will at
                   least consider the government's arguments for
25                 an upward departure.

26                 Mr. Park: If I could have a moment, judge.

27                 The Court: Certainly.

28                 (Attorney and Client Confer)

1          Mr. Park: Mr. Naha would like to proceed today,
2     judge.

3  Id. at 7:22-25, 8:1-9.  The record speaks for itself, and, as

4  explained in Part II.A, supra, the mere fact of an adverse decision

5  does not establish bias.  See Liteky, 510 U.S. at 555-56.  Thus,

6  there is no evidence to suggest that the Court's upward departure

7  in sentencing was motivated by personal spite.

8      Movant's claim that the Court engaged in sentencing entrapment

9  is also misguided.  Sentencing entrapment, as it is commonly

10 understood, cannot be perpetrated by a court.  Rather, it occurs

11 when law enforcement officials entrap a person in committing a

12 greater offense than that which they were already predisposed to

13 commit.  See United States v. Riewe, 165 F.3d 727, 729 (9th Cir.

14 1999).  In any event, the circumstances of Movant's underlying

15 criminal conduct raise absolutely no suspicion of any form of

16 entrapment by law enforcement officials, as he was alone with the

17 victim and her brother when the events in question took place.

18     Movant's Eight Amendment challenge to the condition of his

19 supervised release is likewise without merit.  Movant has been

20 prohibited from contacting the victim's family, including his own

21 two children born to the victim's mother, but only as a condition

22 of his supervised release, not "for the rest of [his] life" as

23 Movant contends.  Tr. of Sentencing (doc. # 50) at 15:20-25, 16:16-

24 21; Mot. (doc. # 60) at 6.  Moreover, the mere fact that a

25 convicted individual's fundamental rights may be involved does not

26 render a probation condition limiting those rights automatically

27 suspect.  United States v. Consuelo-Gonzalez, 521 F.2d 259, 265

28 n.14 (9th Cir. 1975) (en banc).  The condition here at issue was

1  validly imposed as a means of helping Movant's rehabilitation and

2  protecting the public during the term of his supervised release.

3  See id.

4       Finally, Movant contends that the Court's decision to increase

5  his sentence based on facts not found by the jury violated his

6  Sixth Amendment right to a trial by jury under Apprendi v. New

7  Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296

8  (2004), and United States v. Booker, 543 U.S. 220 (2005).  Reply

9  (doc. # 70) at 4; Objections (doc. # 75) at 5.  These claims should

10 have been asserted in Movant's original § 2255 motion or by way of

11 amendment to the same.  Instead, they were raised for the first

12 time in Movant's reply in support of his § 2255 motion.  See Reply

13 (doc. # 70) at 4.  Because these claims were not properly presented

14 as a part of Movant's § 2255 motion, relief cannot be granted.  See

15 U.S.C.S. Sec. 2255 Proc. R. 2(b).  Nevertheless, the Court adds

16 that Movant's claims under Apprendi and its progeny would fail

17 regardless of the defective pleading.  Any Apprendi claim Movant

18 may have raised would have been procedurally barred due to his

19 failure to pursue the issue on direct review,[2] see United States v.

20 Ratigan, 351 F.3d 957, 962 (9th Cir. 2003), and any Booker and

21 Blakely claims would have been barred by reason of non-

22 retroactivity.  See Teague v. Lane, 489 U.S. 288, 310 (1989)

23 _____

24       [2]  Even if not procedurally defaulted, Movant's Apprendi claim
   would fail on the merits.  In Apprendi, the Supreme Court held that
25 "any fact that increases the penalty for a crime beyond the
   prescribed statutory maximum must be submitted to a jury, and proved
26 beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  In this
   case, Movant's sentence of 160 months imprisonment did not exceed the
27 prescribed statutory maximum of 15 years that was in effect at the
   time of his conviction.  See 18 U.S.C. § 2243(a) (effective Oct. 30,
28 1998 to Jan. 4, 2006).

("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."); Schardt v. Payne, 414 F.3d 1025, 1033-36 (9th Cir. 2005) (holding that Blakely does not apply retroactively on collateral review); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005) (same with respect to Booker); cf. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (same with respect to Apprendi).  As such, Movant's Sixth Amendment claims based on Apprendi and its progeny fail.

For the foregoing reasons, the Court rejects Movant's various claims of illegal sentencing.

**2. Double Jeopardy**

Movant claims that his conviction was obtained in violation of the protection against double jeopardy, based on his conviction for the same offense by a tribal court.  Mot. (doc. # 62) at 5.  Movant contends that an individual prosecuted by two sovereign governments for the same conduct "may on occasion be able to invoke double jeopardy protection," but does not explain how his case presents such an occasion.  Objections (doc. # 75) at 5-6 (citing Bartkus v. Illinois, 359 U.S. 121, 131-33 (1959)).

Movant's double jeopardy claim, like the Apprendi claim, is procedurally defaulted, as it was not raised on direct review.  See Ratigan, 351 F.3d at 962.  Moreover, as noted by the magistrate judge, Movant's case fits within the dual sovereignty exception allowing successive tribal and federal prosecutions.  See R&R (doc. # 74) at 7.  The evidence at trial established that Movant and the victim were both members of the White Mountain Apache Indian tribe.

1  See Tr. of Jury Trial (doc. # 48) at 54:7-11; Tr. of Jury Trial

2  (doc. # 49) at 30:6-10.  Because Movant's tribe and the federal

3  government are properly considered separate sovereigns for double

4  jeopardy purposes, the dual sovereignty exception permits

5  successive tribal and federal prosecutions of Movant for the same

6  conduct.  See United States v. Lara, 541 U.S. 193, 210 (2004).

7  Therefore, Movant's double jeopardy claim, which has been

8  procedurally defaulted, would also fail on the merits.

9        **3. Social Security Number**

10       Movant also argues that he should be entitled to a new trial,

11  because the judgment in his criminal case does not correctly state

12  his social security number.  Mot. (doc. # 62) at 5; Objections

13  (doc. # 75) at 6.  It seems that the terminal digit of his social

14  security number is 7, not 9.  See id.  Because it was not raised on

15  direct review, this claim is procedurally defaulted.  See Ratigan,

16  351 F.3d at 962.  The claim would also be denied on its merits.

17  Movant does not cite, and the Court is not aware of, any authority

18  that would entitle Movant to relief on the basis of this technical

19  defect.  Indeed, in view of the fact that courts have often

20  rejected the ostensibly more serious claim that an indictment was

21  defective for inaccurately describing the charges against a

22  defendant, see, e.g., Cisneros v. United States, 322 F.2d 948 (9th

23  Cir. 1963) (citing Steffler v. Johnston, 121 F.2d 447 (9th Cir.

24  1941)), the apparent typographical error at issue here would hardly

25  rise to the level of a due process violation.  More importantly,

26  Movant has not adduced any evidence suggesting that the alleged

27  error resulted in the conviction of an innocent person.  Movant's

28  claim will therefore be denied.

### 4. Ineffective Assistance of Counsel

Movant claims that counsel was ineffective by (1) not requesting a doctor's report or calling an expert witness, (2) not being "interested" in his closing argument at trial, (3) failing to raise sentencing issues on appeal, (4) attempting to coerce him into accepting a plea agreement, and (5) depriving him of his right to a public trial by informing his family members that they were not permitted in the courtroom during trial.  Mot. (doc. # 62) at 6; Mem. in Supp. (doc. # 60) at 2-4.

To establish ineffective assistance of counsel, Movant must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) Movant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688-92 (1984).  In reviewing counsel's performance, the Court "strongly presume[s] that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1989) (citing Strickland, 466 U.S. at 689).  To establish prejudice, Movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As explained below, most of Movant's five claims of ineffective assistance of counsel rely on conclusory allegations, and are not supported by any reference to the record or other evidence that would demonstrate how counsel's conduct was objectively unreasonable or prejudicial to Movant.  One of Movant's ineffective assistance claims, however, will require further factual development before a final ruling may be entered.

- 22 -

**i. Failure to Obtain Medical Report or Present Expert Testimony**

Movant has not identified what medical evidence or expert testimony counsel should have presented, or explained what meritorious defense could have been benefitted thereby.   Indeed, it is unclear from the papers whether Movant believes it was his medical condition or that of the victim that would have been relevant to some unspecified defense.   Supported only be vague and conclusory allegations, this claim fails.   See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1996).

**ii. Lack of Interest in Closing Argument**

Although he is apparently upset at the fact that Assistant Federal Public Defender Jim Park, rather than Assistant Federal Public Defender Robert McWhirter, delivered the closing argument at his trial, Movant does not state how Mr. Park's performance was deficient or prejudicial to him.   The Court presumes that Movant's attorneys exercised acceptable professional judgment in their decisions regarding work assignments at trial, and that Mr. Park's performance was within the wide range of reasonable assistance.   See Hughes, 898 F.2d at 702.   This claim fails as well.

**iii. Failure to Raise Sentencing Issues on Appeal**

Movant has not indicated what sentencing issues appellate counsel should have raised.[3]   Assuming that these sentencing issues are the same as those raised in Movant's § 2255 motion, the Court has explained in Part II.F.1, supra, why Movant's sentence was

---

[3]   In fact, counsel did appeal Movant's sentence on a double-counting issue-- an argument that was rejected by the Ninth Circuit. See Mem. (doc. # 52) at 2-3.

proper notwithstanding those objections.  Appellate counsel's

decision not to pursue those arguments was not only sound, but the

result would have been no different had they been presented on

appeal.  Because Movant cannot establish unprofessional conduct or

prejudice under Strickland based on appellate counsel's failure to

appeal his sentence based on any of those theories, Movant's claim

of ineffective assistance fails.

**iv. Coercion**

Movant has not presented any evidence that counsel attempted

to coerce him into accepting a plea agreement.  Movant's account of

possible role playing by counsel related to a plea offer does not

strike the Court as "outrageous" conduct that would cast doubt on

counsel's loyalty.  See Mem. in Supp. (doc. # 60) at 3-4.  As the

magistrate judge observed, "counsel was likely trying to ensure

that Movant received the best 'deal' possible based on his actions

and that he understood what could happen if he proceeded to trial."

See R&R (doc. # 74) at 10.  Movant has not made any showing that

would persuade the Court that counsel's conduct was not within the

wide range of reasonable assistance, see Hughes, 898 F.2d at 702,

or demonstrated how he was prejudiced thereby.  Based only on

conclusory allegations with no reference to the record or evidence

tending to establish a meritorious claim under Strickland, Movant's

ineffective assistance claim based on alleged coercion fails.  See

Jones, 66 F.3d at 204-05.

**v. Right to a Public Trial**

Finally, Movant contends that trial counsel rendered

ineffective assistance by instructing his mother and two aunts to

stay out of the courtroom during his trial in violation of his

Sixth Amendment right to a public trial.  <u>See</u> Mot. (doc. # 62) at 6; Mem. in Supp. (doc. # 60) at 3.  In response, the Government argues that this claim is procedurally defaulted on account of Movant's failure to raise the issue at trial, sentencing, or on direct review.  Resp. (doc. # 68) at 6.  Alternatively, the Government contends that the claim would fail on the merits, because the exclusion of Movant's mother and two aunts would have been a proper implementation of Rule 615 of the Federal Rules of Evidence, which was invoked prior to trial.  <u>Id.</u>  The Court will first address this alternative argument before considering the issue of procedural default.

**a. Sequestration of Witnesses Pursuant to Rule 615**

Rule 615 allows the Court to exclude witnesses from trial "so that they cannot hear the testimony of other witnesses."  Fed. R. Evid. 615.  From the information currently before it, the Court cannot fully accept the Government's Rule 615 argument.

On the one hand, it is clear that Movant's mother could have been called to testify due to allegations that she had contacted the victim and her mother in an attempt to persuade them to drop the charges.  <u>See</u> Tr. of Jury Trial (doc. # 48) at 11:6-25, 12:1-7. As a prospective witness, the invocation of Rule 615 would have applied to Movant's mother, and his Sixth Amendment argument relating to her exclusion from his trial would fail on the merits.

On the other hand, the transcript of the pretrial conference at which the rule was invoked reveals that neither party intended to call Movant's family members as witnesses.[4]  In particular,

_____

[4]  The Government's witness list named only three individuals-- (1) Darrel Laducer, the BIA investigator designated as the

1    there is no indication that Movant's aunts would have been

2    prospective witnesses for any reason.  If Movant's allegations

3    regarding the exclusion of his aunts are proven true, it is unclear

4    from the current record whether the invocation of Rule 615 would

5    have provided a sufficient basis for their exclusion as it did with

6    respect to his mother.

7    **b. Cause and Prejudice to Excuse the Procedural Default**

8    The Court turns now to the issue of procedural default.

9    Generally, on collateral review, an individual may not assert

10   claims of constitutional error that were not previously raised

11   before the district court or on direct review.  United Stats v.

12   Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1997).  However, a

13   procedurally defaulted claim may be introduced in a § 2255 motion

14   if the movant can demonstrate "cause" and actual "prejudice" for

15   the failure to raise the issue in earlier proceedings.  Bousley v.

16   United States, 523 U.S. 614, 622 (1998).  The Ninth Circuit has

17   held that "[e]stablishing the elements of an ineffective assistance

18   of counsel claim normally will meet this cause and prejudice test."

19   United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996).

20   In this case, Movant cites ineffective assistance of counsel

21   as the reason his underlying claim of ineffective assistance was

22   not pursued at trial, sentencing, or on direct review.[5]  Mot. (doc.

23   

24   Government's case agent for Rule 615 purposes, (2) the victim, Terry
     Sedillo, and (3) the victim's mother, Joanna Garland.  Movant's

25   counsel indicated that it was debatable whether Movant would be
     called to testify as the sole witness in his defense.  Tr. of Jury

26   Trial (doc. # 48) at 3:23-24, 5:16-25, 6:1-19; Witness List (doc. #
     32).  In the end, Movant did not testify.

27   

28   [5]  Although it may prove somewhat confusing, it is important to
     distinguish between (1) Movant's underlying ineffective assistance

1  # 62) at 6.  This argument has not been addressed by either the

2  Government's response or the magistrate judge's R&R.  Therefore,

3  the Court must determine on its own whether Movant has established

4  cause and prejudice to excuse the procedural default on account of

5  counsel's failure to argue earlier that Movant was denied the right

6  to a public trial.  In doing so, the Court applies the two part

7  test of Strickland.  See McMullen, 98 F.3d at 1157.  Thus, Movant

8  must establish that (1) counsel's failure to raise the issue

9  earlier fell below an objective standard of reasonableness, and (2)

10  Movant was prejudiced thereby.  See id. (citing Strickland, 466

11  U.S. at 688, 692).

12       As to the first prong of Strickland, Movant's allegation that

13  his counsel unjustifiably advised his two aunts that they could not

14  be present at trial, thereby impairing his right to a public trial,

15  could establish objectively unreasonable conduct undermining faith

16  in counsel's loyalty.  See Mem. in Supp. (doc. # 60) at 3.  Given

17  the gravity of the allegation, it would also be objectively

18  unreasonable for the same counsel not to raise the underlying

19  ineffective assistance claim charging the alleged misconduct.  Of

20  course, the Court acknowledges that Movant's allegation, if true,

21

22  claim, which relates to counsel's alleged interference with his right
23  to a public trial, and (2) ineffective assistance as a basis for
   excusing the procedural default of the underlying ineffective
24  assistance claim.  The latter relates to counsel's failure to raise
   Movant's underlying ineffective assistance claim in the earlier
25  proceedings, and is the question directly at issue in the context of
   this procedural default analysis.
26       Of course, these questions are so closely intertwined that a
   meaningful analysis of whether counsel was ineffective for failing to
27  raise a claim of his own ineffective assistance requires at least
   some consideration of the underlying ineffective assistance claim
28  that was forgone.

must be assessed in light of counsels' invocation of Rule 615.
However, as explained above, the record as currently developed
would not support the exclusion of Movant's aunts on the basis of
Rule 615.  Given the open questions regarding (1) the truth of
Movant's allegation that his counsel had instructed his aunts not
to enter the courtroom during his trial and (2) whether Movant's
aunts were prospective witnesses to whom Rule 615 would have
applied at trial, the Court cannot conclude now whether or not the
first prong of Strickland has been satisfied.

As to the second prong of Strickland, the possibility of
prejudice from counsel's failure to raise the underlying
ineffective assistance claim is palpable.  The denial of the right
to a public trial is a constitutional error of such magnitude that,
had the issue been raised sooner in the context of an ineffective
assistance claim regarding counsel's allegedly unjustified
interference with that right, a new trial may have been required.
The Supreme Court has often recognized that the denial of the right
to a public trial belongs to the class of constitutional errors
known as "structural defects" that "defy analysis by harmless-error
standards because they affec[t] the framework within which the
trial proceeds, and are not simply an error in the trial process
itself."  United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2564,
165 L. Ed. 2d 409, 419-20 (2006); accord Arizona v. Fulminante, 499
U.S. 279, 309-10 (1991) (Rehnquist, C.J.); see also Waller v.
Georgia, 467 U.S. 39, 49-50 (1984) (endorsing the view that "the
defendant should not be required to prove specific prejudice in
order to obtain relief for a violation of the public-trial
guarantee").  Thus, if Movant's aunts were unjustifiably excluded

1   from the courtroom by his counsel, counsel's failure to raise
2   Movant's underlying ineffective assistance claim relating to that
3   conduct may have actually prejudiced Movant.

4        For the foregoing reasons, the Court finds that there is good
5   cause to allow limited discovery into Movant's ineffective
6   assistance of counsel claim.  The allegations show reason to
7   believe that Movant may, if the facts are fully developed, be able
8   to (1) demonstrate cause and prejudice to excuse the procedural
9   default and (2) prevail on his underlying claim of ineffective
10  assistance of counsel based on counsel's alleged impairment of his
11  right to a public trial through the exclusion of his aunts from the
12  courtroom.  See Bracy, 520 U.S. at 908-09.  Therefore, that
13  particular claim of ineffective assistance will remain under
14  advisement, and the Court will permit Movant and the Government to
15  conduct limited discovery as set forth in the Court's separate
16  Discovery Order to be issued this same day.

17  **5. Right to a Fair Trial**

18       Finally, Movant claims that he did not receive a fair trial
19  due to his absence from three conferences the Court conducted with
20  counsel in chambers and at sidebar on the first day of Movant's
21  trial.  See Mem. in Supp. (doc. # 60) at 7-8.  As explained in Part
22  II.A, supra, these conferences dealt with general matters relating
23  to the conduct of trial and questions of law raised by counsel's
24  motions in limine.  Tr. of Jury Trial (doc. # 48) at 3-17, 19-26,
25  90-92.  There is no indication that Movant requested to be present
26  at these conferences, and, even if such a request had been made,
27  his presence would not have been required.  See Fed. R. Crim. P.
28  43(c)(3) (presence of criminal defendant not required at conference

or argument on question of law); see also Veatch, 674 F.2d at 1226.
Therefore, Movant's claim that he was denied a fair trial based on
his absence from these conferences will be denied.

**III. CONCLUSION**

   In light of the foregoing analysis,

   IT IS ORDERED that Movant's motion to disqualify judge (doc. #
66) is DENIED.

   IT IS FURTHER ORDERED that Movant's motion to expedite ruling
on his motion to disqualify judge (doc. # 72) is DENIED and
dismissed as moot.

   IT IS FURTHER ORDERED that Movant's "Motion of Objection to
Denial of Movant's Motion to Supplement to Petitioner's § 2255
Motion to Vacate, Set Aside, or Correct Sentencing" (doc. # 71) is
construed as a motion for reconsideration of the Court's order
(doc. # 69) denying his motion to supplement (doc. # 64), and so
construed is GRANTED.

   IT IS FURTHER ORDERED that the Court's order (doc. # 69)
denying Movant's motion to supplement (doc. # 64) is VACATED.

   IT IS FURTHER ORDERED that Movant's motion to supplement (doc.
# 64) is GRANTED.  Movant's Motion to Vacate, Set Aside, or Correct
Sentence (doc. # 62) is supplemented with the claims and arguments
raised in Movant's Amended Motion to Vacate, Set Aside, or Correct
Sentence (doc. # 59) and memorandum in support thereof (doc. # 60).

   IT IS FURTHER ORDERED that Movant's Amended Motion to Vacate,
Set Aside, or Correct Sentence (doc. # 59) is DENIED and dismissed
as moot.

   IT IS FURTHER ORDERED that Movant's first request for grand
jury minutes (doc. # 65) is DENIED.

1    IT IS FURTHER ORDERED that Movant's second request for grand

2  jury minutes (doc. # 78) is DENIED.

3    IT IS FURTHER ORDERED that Movant's "Motion to Request for

4  Leave to Amend in Discovery Pursuant to Rule 6 of the § 2255 Rules

5  to His § 2255 Motion to Vacate, Set Aside, and/or Correct

6  Sentencing of a Federal Prisoner" (doc. # 77) is DENIED.

7    IT IS FURTHER ORDERED that Movant's "Motion to Request for

8  Release Pursuant to Circuit Rule 23-1" (doc. # 76) is DENIED.

9    IT IS FURTHER ORDERED that the Magistrate Judge's Report and

10  Recommendation (doc. # 74) is ADOPTED in part.

11    IT IS FINALLY ORDERED that Movant's Motion to Vacate, Set

12  Aside, or Correct Sentence (doc. # 62) is DENIED in part.  Movant's

13  claim of ineffective assistance of counsel relating to counsel's

14  alleged impairment of Movant's right to a public trial through the

15  exclusion of his aunts from the courtroom will remain under

16  advisement pending further discovery permitted by this Court's

17  Discovery Order to be entered this same day. All other claims are

18  denied.

19    DATED this 11th day of January, 2007.

20

21

22  _____

23  Robert C. Broomfield
    Senior United States District Judge

24

25  Copies to counsel of record

26

27

28

- 31 -