**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | No. CR 99-206 PCT RCB (LOA) |
| Plaintiff/Respondent, ) | CIV 04-977 PCT RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| GERALD D. NAHA, SR., ) | |
| ) | |
| Defendant/Movant. ) | |

By separate Order entered today, the Court denied seven ancillary motions by Movant (doc. ## 65-66, 71-72, 76-78) and denied all but a portion of one claim for ineffective assistance of counsel raised in Movant's underlying Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 62). See Order (doc. # 82).  In that portion of the claim which remains under advisement, Movant avers that trial counsel rendered ineffective assistance by instructing his two aunts to stay out of the courtroom during his trial in violation of his Sixth Amendment right to a public trial. See Mot. (doc. # 62) at 6; Mem. in Supp. (doc. # 60) at 3.

As explained in the accompanying Order, the Court finds good cause to allow limited discovery into this ineffective assistance claim, because the allegations show reason to believe that Movant may, if the facts are fully developed, be able to (1) demonstrate cause and prejudice to excuse the procedural default of that claim and (2) prevail on his underlying claim of ineffective assistance of counsel based on counsel's alleged impairment of his right to a public trial through the exclusion of his aunts from the courtroom. See Order (doc. #82) at 24-29; see also Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). In particular, the Court notes the open questions regarding (1) the truth of Movant's allegation that his counsel had instructed his aunts not to enter the courtroom during his trial and (2) whether Movant's aunts were prospective witnesses to whom the Court's sequestration order under Rule 615 of the Federal Rules of Evidence would have applied at trial. See Order (doc. # 82) at 28. Accordingly, the Court will permit Movant and the Government to conduct limited discovery as follows:

The parties may take the testimony of such person or persons likely to have knowledge of the relevant facts. Such testimony may only be taken by deposition(s) upon written questions, and the parties are directed to follow Rule 31 of the Federal Rules of Civil Procedure, except as modified by this Discovery Order.

All written questions must be calculated to lead to the discovery of facts relevant to (1) Movant's claim that his trial counsel rendered ineffective assistance by informing his **[aunts]** that they could not be present in the courtroom during his trial, thereby impairing his Sixth Amendment right to a public trial, or (2) any of the Government's defenses to that ineffective assistance

claim, including procedural default and the invocation of Rule 615 of the Federal Rules of Evidence.[1]

Each party shall be limited to a total of fifteen (15) written questions, including subparts, to be allocated among one or more depositions.  The parties may allocate their fifteen (15) questions entirely to direct questions to the deponent(s), or may reserve any number of their fifteen (15) questions for cross questions, redirect questions, or recross questions.

Movant shall have 20 (twenty) days from the date of entry of this Discovery Order within which to serve and file his written questions along with the required notice(s) for any deposition(s) Movant desires to take.  The Government shall have twenty (20) days from the date it is served with Movant's written questions and notice(s) within which to serve and file its written questions along with the required notice(s) for any deposition(s) the Government desires to take.

The parties' notice(s) must state "the name and address of the person who is to answer [the written questions], if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs."  Fed. R. Civ. P. 31(a)(3).  However, the parties' notice(s) **must not indicate** "the name or descriptive title and address of the officer before whom the deposition is to be taken,"

---

[1] In view of the narrow scope of the discovery authorized by this order, Movant's demonstrated understanding of the issues, and his apparent ability to coherently and forcefully present his contentions, the Court finds that effective discovery will not require appointment of counsel.  See U.S.C.S. Sec. 2255 Proc. R. 6(a); 18 U.S.C. § 3006A(2)(B); La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

see Fed. R. Civ. P. 31(a)(3), as that information will be provided by the Court.  In the interests of justice and efficient discovery, the Court will designate such officer and the place where the deposition(s) shall be taken.  The parties may object if they are unsatisfied with the qualifications of the officer designated by the Court.

Within fifteen (15) days after the notice(s) and written questions are served, any party who has not exceeded its allotment of fifteen (15) questions may serve cross questions, not to exceed the balance of that party's allotment, upon all other parties.

Within ten (10) days after being served with cross questions, any party who has not exceeded its allotment of fifteen (15) questions may serve redirect questions, not to exceed the balance of that party's allotment, upon all other parties.

Within seven (7) days after being served with redirect questions, any party who has not exceeded its allotment of fifteen (15) questions may serve recross questions, not to exceed the balance of that party's allotment, upon all other parties.

When all questions for the deposition(s) have been served in the above manner, the party or parties taking such deposition(s) shall transmit their notice(s) and written questions to the court which shall thereafter designate the person(s) before whom the depositions shall be taken.  These designated officer(s) shall then take the responses of the deponent(s) and prepare the record as provided in Rule 31(b).

When each deposition is filed by the designated officer, the party taking that deposition shall give notice to all parties as provided in Rule 31(c).

When it appears to the Court that all discovery permitted by this order has taken place, the Court will revisit Movant's claim of ineffective assistance of counsel regarding counsel's alleged impairment of Movant's right to a public trial.  In considering that claim and the Government's defenses at that time, the Court will look only to the currently filed briefing on Movant's § 2255 motion and the filed records of any depositions taken pursuant to this order.  If any of the parties believe that further briefing will be necessary upon the conclusion of discovery, they must petition the Court for leave to file any supplemental briefing.

**IT IS THEREFORE ORDERED** permitting the parties to conduct limited discovery into Movant's remaining claim of ineffective assistance of counsel by taking depositions by written questions, for which purpose the parties are directed to follow Rule 31 of the Federal Rules of Civil Procedure, except as modified by this Discovery Order.

DATED this 11th day of January, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record