**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES of AMERICA,          ) | No. CR 99-206 PCT RCB (LOA) |
| Plaintiff/Respondent,     )        | CIV 04-977 PCT RCB |
|           vs.                      ) | O R D E R |
| GERALD D. NAHA, SR.,                ) |  |
| Defendant/Movant.              )    |  |

On January 11, 2007, the Court denied Movant Gerald D. Naha's motion for change of judge (doc. # 72), motions requesting disclosure of grand jury matters (doc. ## 65, 78), motion for leave to conduct discovery pursuant to Rule 6 of the § 2255 Rules (doc. # 77), and motion for release from custody pursuant to Circuit Rule 23-1 (doc. # 76), and denied all but a portion of one claim for ineffective assistance of counsel raised in Movant's underlying Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 62). Order (doc. # 82). By separate order entered the same day, the Court found good cause to allow limited discovery into the remaining ineffective assistance claim, and

permitted the parties to conduct depositions upon written questions. Order (doc. # 83). Although no motion had been made at that time specifically requesting appointment of counsel to assist with discovery, the Court found that such an appointment would not be necessary. Id. at 3 n.1.

On January 17, 2007, Movant filed a motion requesting a 60-day extension of time within which to serve and file his written questions and the required notices for the depositions he desires to take. Mot. (doc. # 85). On the same day, he also filed a document entitled "Movant's Motion of Objection to Order Doc. No. 83 Footnote at Page 3 of Court No [sic] Requiring Appointment of Counsel," which the Court construes as a motion requesting appointment of counsel. Mot. (doc. # 84).

The Government has not filed a response in opposition to either of these motions, and the time to serve and file a responsive memorandum has now passed. See LRCiv 7.2(c), and App. A ("Time Chart"). Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious. LRCiv 7.2(i); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). The relevant facts are set forth in detail in the Court's order of January 11, 2007. See Order (doc. # 82) at 2-5. Having carefully considered the arguments raised, the Court now rules.

**I.   MOTION FOR EXTENSION OF TIME**

Movant has requested an extension of 60 days within which to serve and file his written questions and the required notices for the depositions permitted by the Court's January 11, 2007 order.

Mot. (doc. # 85).  According to the terms of that order, Movant's original deadline would have fallen on January 31, 2007, coinciding with the Government's deadline to respond to Movant's present motions for extension of time and appointment of counsel.  See Order (doc. # 83) at 3.  Movant argues that the extension is necessitated by his recent transfer and "holdover status in segregation" in Phoenix as he awaits his new designation by the Bureau of Prisons, a process which he states could take up to 60 days.  Mot. (doc. # 85) at 1.  Movant asserts that compliance with the discovery deadlines set by the Court's January 11, 2007 order has been made impracticable by limited access to legal materials and writing supplies during his holdover status.  Id. at 1-2.

The record reflects that Movant was transferred to the Federal Correctional Institute in Tucson, Arizona on March 27, 2006, see Notice (doc. # 79), and to Phoenix, Arizona in December of 2006 where he has presumably remained under holdover status awaiting his new designation, see Notice (doc. # 81).  Movant's notice of December 14, 2006 indicates that the designation process could take "at least 90 days," an estimate consistent with the additional 60 days projected in his January 17, 2007 motion.  See Notice (doc. # 81); Mot. (doc. # 85).  Having considered the request, and good cause appearing therefor, the Court will grant Movant's motion (doc. # 85) extending the discovery deadlines as follows.

Movant shall have 30 (thirty) days from the date of entry of this order within which to serve and file his written questions along with the required notice(s) for any deposition(s) he desires to take.  All other deadlines applicable to the service and filing of the Government's written questions as well as the parties'

cross, redirect, and recross questions shall be measured in the manner provided in the Court's January 11, 2007 order. See Order (doc. # 83) at 3-5.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Movant has filed a document entitled "Movant's Motion of Objection to Order Doc. No. 83 Footnote at Page 3 of Court No [sic] Requiring Appointment of Counsel," which the Court construes as a motion requesting appointment of counsel. Mot. (doc. # 84). A district court may appoint counsel to a financially eligible person if justice so requires in a § 2255 action. See 18 U.S.C. § 3006A(2)(B). "If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." U.S.C.S. Sec. 2255 Proc. R. 6(a).

As noted above, although Movant had not brought a motion to request counsel at that time, the Court's January 11, 2007 order permitting discovery made an initial determination that the circumstances did not warrant court-appointed counsel. See Order (doc. # 83) at 3. n.1. Movant now argues that the Court should appoint him counsel due in part to the difficulties imposed by the designation process discussed above. Mot. (doc. # 84) at 1-2. In addition, Movant maintains that he has little understanding of the issues involved in his case and lacks the ability to coherently and forcefully present his contentions-- an apparent reference to the Court's previously articulated reasons for denying counsel-- and pleads the "great importance" to him of prevailing on his sole remaining claim for relief as bases for appointing counsel. Id. The Court does not question the personal importance to Movant

of succeeding on his Motion to Vacate, Set Aside, or Correct Sentencing, but this does not allow the Court to appoint counsel. It is the understandable hope of a litigant to emerge victorious, but the Court's appointment of counsel must be based on the more impartial considerations of the "interests of justice"-- not a party's individual interest in victory. See 18 U.S.C. § 3006A(2)(B). Though he may disagree with this assessment, the Court still finds that Movant has demonstrated an understanding of the issues and an apparent ability to coherently and forcefully present argue his case. See Order (doc. # 83) at 3. n.1; 18 U.S.C. § 3006A(2)(B); La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Indeed, it was based on Movant's arguments that the Court perceived the need to permit limited discovery on his ineffective assistance claim. See Order (doc. # 82) at 24-29. As to those claims which have already been denied, it is apparent from the substance of the allegations that the result would have been the same even if presented by counsel. See id. at 16-24, 29-30. Accordingly, the Court finds that the interests of justice and effective utilization of the discovery tools permitted thus far do not require the appointment of counsel. Movant's motion will therefore be denied.

**III. CONCLUSION**

In light of the foregoing analysis,

IT IS ORDERED that Movant's motion for extension of time (doc. # 85) is GRANTED. Movant shall have 30 (thirty) days from the date of entry of this order within which to serve and file his written questions along with the required notice(s) for any deposition(s) Movant desires to take. All other deadlines applicable to the

service and filing of the Government's written questions as well as the parties' cross, redirect, and recross questions shall be measured in the manner provided in the Court's January 11, 2007 order. See Order (doc. # 83) at 3-5.

IT IS FURTHER ORDERED that Movant's motion for appointment of counsel (doc. # 84) is DENIED.

DATED this 22nd day of February, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Movant pro se