WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | No. CR 99-206 PCT RCB (LOA) |
| | ) | CIV 04-977 PCT RCB |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| GERALD D. NAHA, SR., | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| _____ | ) | |

On January 11, 2007, the Court denied all but a portion of one claim for ineffective assistance of counsel raised in Movant Gerald D. Naha's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 62). Order (doc. # 82). By separate order entered the same day, the Court found good cause to allow limited discovery into the remaining ineffective assistance claim, and permitted the parties to conduct depositions upon written questions. Order (doc. # 83). Currently before the Court are Movant's third motion for an extension of time to serve and file questions for depositions to be taken upon written questions (doc. # 94) and Movant's motion for an order denying the government's

request to similarly depose Movant's former trial counsel (doc. # 92).  Both motions have been fully briefed.  Having carefully considered the arguments raised, the Court now rules.

**I.    MOTIONS FOR EXTENSION OF TIME**

Prior to the present motion, Movant twice requested an extension of time within which to serve and file his written questions and the required notices for the depositions he desires to take.  Mot. (doc. ## 85, 90).  Although the Court granted both requests, see Orders (doc. ## 87, 91), the docket does not reflect that Movant has served and filed any written questions or notices.  Rather, it appears that Movant mailed his questions directly to his aunts, whom he intends to depose, without any notice or service to the government or to the Court.  Movant has plainly not followed the clear instructions and procedures set out in the Court's January 11, 2007 order (doc. # 83) permitting limited discovery in this matter.

In opposition to Movant's request, the government highlights Movant's failure to follow the Court's instructions.  See Resp. (doc. # 95) at 2.  Movant's reply does not adequately explain his departure from procedure, and instead seems to find fault with the government's apparent failure to serve cross questions upon his intended deponents.  See Reply (doc. # 96) at 2.

It is apparent that Movant has not followed the Court's January 11, 2007 order.  When parties are instructed that certain documents must be "served and filed," this requires service of the documents upon the opposing party concurrently with their filing in this Court.  Movant is obviously familiar with this practice, as his numerous other filings in this Court have all been accompanied

1    by proper certificates of service.  Given that Movant has decided

2    to contact his intended deponents directly-- rather than serving

3    and filing his written questions and notices of deposition as he

4    was instructed-- he should understand that it is unreasonable and

5    unrealistic for him to expect the government to serve and file

6    cross questions when it has been kept in the dark as to both the

7    identity of the deponents and the questions Movant has proposed to

8    have asked of them.

9         Although the Court had been very explicit in the nature of its

10   instructions in its January 11, 2007 order (doc. # 83), it will

11   excuse Movant's non-compliance on this occasion, so that he is not

12   deprived of the opportunity to conduct the discovery that the Court

13   has deemed useful for its consideration of his remaining claim.

14   Movant will be granted an additional 20 (twenty) days from the date

15   of entry of this order within which to serve and file his written

16   questions and the required notices for the depositions he desires

17   to take.  So that there is no doubt, any written questions and

18   notices must be served on the government and concurrently filed in

19   this Court, and must not be sent directly to any of Movant's

20   intended deponents.[1]  See, e.g., Naha v. United States, No. CV-04-

21   977-PCT-RCB (May 31, 2007) (doc. ## 4-5) (government's notice of

22   deposition and written questions).  In all other respects, the

23   deadlines set out in the Court's January 11, 2007 order (doc. # 83)

24

------------------------------------------------------------

25        [1]  As previously indicated, Movant's notice(s) must state "the
26   name and address of the person who is to answer [the written
     questions]."  Order (doc. # 83) at 3; Fed. R. Civ. P. 31(a)(3).
27   Based on this information, the Court's designated officer will be
     able to locate the deponent to record the answers and prepare the
28   record.

shall apply.  When all questions have been served and filed in this manner, the parties shall notify the Court, and the Court will then designate an officer to take the responses of the deponent(s) and prepare the record as provided in Rule 31(b) of the Federal Rules of Civil Procedure.  See Order (doc. # 83) at 4:19-25.  Because the Court will designate the officer to take the deposition(s), it is unnecessary-- indeed, inappropriate-- for Movant to submit his questions directly to his intended deponent(s).

Absent extraordinary circumstances demonstrating good cause, this third extension of time will present Movant's final opportunity to submit his written questions and notices of deposition.

**II.   MOTION TO PRECLUDE DEPOSITION OF FORMER TRIAL COUNSEL**

The government has served and filed notice of its intended deposition of Movant's former trial counsel, Robert McWhirter, as well as the written questions to be asked at that deposition.  See Naha v. United States, No. CV-04-977-PCT-RCB (May 31, 2007) (doc. ## 4-5).  Movant has not served any cross questions to be asked at that deposition, and the time to do so has now passed.  See Order (doc. # 83) at 4.  Instead, Movant has filed a motion asking the Court to preclude the government from deposing his former trial counsel.  Mot. (doc. # 92).

Movant apparently anticipates that McWhirter's deposition testimony may be adverse to his claim of ineffective assistance, and would rather the Court decide that claim based solely on the deposition testimony of his aunts.  See id. at 1-2.  The government understandably objects to Movant's request on a similar basis.  See Resp (doc. # 93) at 2.  The Court's order granting discovery

contemplated the possibility of such objections based on the parties' perceptions of bias, and accordingly afforded both parties equal opportunity to take depositions upon written questions in the hopes that bilateral discovery would maximize the information on which the Court could decide Movant's remaining claim.  See Order (doc. # 83) at 2-5.  Movant has not demonstrated any cause for the Court to alter its original decision to allow the government an equal opportunity to conduct discovery.

**IT IS THEREFORE ORDERED** that Movant's motion to preclude the government's deposition of Movant's former trial counsel (doc. # 92) is DENIED.

IT IS FURTHER ORDERED that Movant's motion for extension of time (doc. # 94) is GRANTED.  Movant shall have 20 (twenty) days from the date of entry of this order within which to serve and file his written questions along with the required notice(s) for any deposition(s) Movant desires to take.  All other deadlines applicable to the service and filing of the Government's written questions as well as the parties' cross, redirect, and recross questions shall be measured in the manner provided in the Court's January 11, 2007 order.  See Order (doc. # 83) at 3-5.

DATED this 31st day of July, 2007.


_____
Robert C. Broomfield
Senior United States District Judge




Copies to counsel of record and Movant pro se

- 5 -