**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
United States of America,    )   No. CR  99-206-PCT-RCB (LOA)
                             )       CIV 04-077-PCT-RCB
         Plaintiff/Respondent,)
                             )            O R D E R
vs.                          )
                             )
                             )
Gerald D. Naha, Sr.,         )
                             )
         Defendant/Movant.   )
                             )
_____)
```

### *Introduction*

Pending before the court are three motions, all of which were filed in August 2007, by Movant Gerald D. Naha, Sr.: (1) a "Motion to Request for Deposition Upon Written Questions[,]" (doc. 98); (2) a "Motion . . . for Leave to Proceed to Cross-Question the Government's Deposition [,]" (doc. 100); and (3) a "Motion . . . for Appointment of Counsel[,]" (doc. 101). In addition to these documents which Movant clearly designated as motions, on December 6, 2007, he filed a letter with the Clerk of the Court, which he had previously served on Respondent, the

United States of America ("the Government"). Doc. 107 at 2 (certificate of service). In this letter, Movant asks to be "excuse[d]" for an unspecified "delay" and to be "allow[ed] . . . to continue [with] [his] remaining claim[.]" Id. at 1. The court construes this as a motion for an extension of time.

The Government has not filed a response to these motions (nor to the letter request) and the time to serve and file responsive memoranda has long since passed. See LRCiv 7.2(c), and App. A (requiring service of such memorandum within ten days after service of such motions). Although, in accordance with Local Rule of Civil Procedure 7.2(i), the court could deem the Government's lack of response as consent to the granting of these motions, the court declines to do so and instead will consider the same on the merits. Having carefully considered these motions, and taking into account the procedural background of this case, the court rules as follows.

## ***Background***

After significant motion practice, the only remaining claim in this case is "a portion of [a] claim for ineffective assistance of counsel raised in Movant's underlying Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255[.]" See Doc. 83 at 1. In that portion of his remaining claim "Movant avers that trial counsel rendered ineffective assistance by instructing his two aunts to stay out of the courtroom during [Movant's] trial in violation of his Sixth Amendment right to a public trial." Id. (citations omitted). The court allowed "limited discovery[]" on this narrow issue. See id. Basically, it allowed the parties to conduct

"depositions upon written questions[]" in accordance with Fed. R. Civ. P. 31, as modified slightly by court order.

Finding "good cause" for so doing, on February 23, 2007, the court granted Movant a thirty day extension of time in which "to serve and file his written questions along with the required notice(s) for any deposition(s) he desire[d] to take." Doc. 87 at 3. At that time the court also adhered to its prior ruling that "the circumstances did not warrant court-appointed counsel." Id. at 4 (citation omitted). It thus denied Movant's motion in that regard.

Thereafter, as previously ordered by the court, the Government prepared a "Notice of Deposition by Written Questions" as to Robert McWhirter, Movant's former counsel (doc. 104). Likewise, the Government prepared a "Request for Deposition Upon Written Questions and Submission of Written Questions" as to Mr. McWhirter (doc. 105). For some unknown reason, although both of those documents are dated May 31, 2007, they were not filed with the court until October 16, 2007. Evidently, they were served upon Movant well before that, however, because on August 16, 2007, he filed a "Motion to Request for Leave to Proceed to Cross-Question the Government's Deposition[]" (doc. 100).

In the interim, on July 31, 2007, the court issued an order granting Movant a third extension of time in which to "serve and file his written questions and the required notices for the depositions he desires to take." Doc. 97 at 3. Explicitly instructing Movant how to proceed with that discovery, the court reminded him, as it had in its original discovery order, that his "notice(s) must state 'the name and address of the person who is

1  to answer [the written questions].'" Id. at 3, n. 1 (quoting Doc.
2  83) at 3; and Fed. R. Civ. P. 31(a)(3)).  The court also
3  reiterated that "[w]hen all questions have been served and filed
4  in th[e] [prescribed] manner, the parties shall notify the Court,
5  and [it] will then designate an officer" to proceed in the manner
6  set forth in Fed. R. Civ. P. 31(b).  Id. at 4 (citation omitted).
7  The court stressed that "[a]bsent extraordinary circumstances
8  demonstrating good cause, th[at] third extension of time" was
9  "Movant's final opportunity to submit his written questions and
10 notices of deposition." Id.
11      As part of that July 31, 2007, order the court also denied
12 Movant's motion to preclude the deposition of his former trial
13 counsel, Mr. McWhirter.  In so doing, the court explicitly noted
14 that at that time "Movant ha[d] not served any cross questions to
15 be asked at [McWhirter's] deposition, and the time to do so ha[d]
16 . . . passed." Id. (citation omitted).  Against this backdrop,
17 the court will consider the pending motions and request for
18 extension of time.

### *Discussion*

### *I. Deposition Upon Written Questions*

21      Movant has designated his "request for deposition upon
22 written questions and submission of written questions[]" as a
23 motion.  Doc. 98 at 1.  As explained in prior court orders, the
24 deposition process here requires filing and service of written
25 depositions questions, along with filing and service of the
26 notice(s) of deposition.  See Doc. 83 at 3; see also Doc. 87 at
27 5; and Doc. 97 at 3 and 5.  This process does not contemplate the
28 filing of any motions.  In any event, this designated "motion"

- 4 -

has been filed with the court and served on the Government. Doc. 98 at 4 (certificate of service). The court denies this motion as unnecessary.

## II. *Cross-Questions*

Assuming that the time frame for filing cross questions was stayed when he filed his motion to preclude the deposition of his former trial counsel, Robert McWhirter, Movant did not serve upon the Government any cross questions pertaining to Mr. McWhirter. Now Movant is seeking to have the court "excuse" this "mistake" and allow him to serve cross questions with respect to attorney McWhirter. See Doc. 100 at 2.

Taking into account Movant's *pro se* status, and because there is no prejudice to the Government in that the designation process is not yet complete (coupled with the Government's failure to respond to this motion), the court grants this motion. The Movant has fifteen (15) days from the date of entry of this order in which to file and serve any cross questions he may have for attorney McWhirter, keeping in mind the procedures for such questions set forth in Fed. R. Civ. P. 31 and this court's prior orders (doc. 83 and 97).

## III. *Appointment of Counsel*

In its January 11, 2007, discovery order, "[a]lthough no motion had been made at that time specifically requesting appointment of counsel to assist with discovery, the Court found that such an appointment would not be necessary." Doc. 87 at 2 (citing doc. 83 at 3 n.1). Shortly thereafter the Movant filed a motion which this court construed "as a motion requesting appointment of counsel." Id. at 2 (citation omitted). In

1  denying that motion, the court adhered to its earlier view "that
2  Movant ha[d] demonstrated an understanding of the issues and an
3  apparent ability to coherently and forcefully present [and] argue
4  his case." Id. at 5 (citations omitted).  Thus, the court
5  concluded "that the interests of justice and effective
6  utilization of the discovery tools permitted thus far d[id] not
7  require the appointment of counsel." Id.
8      In his most recent motion for appointment of counsel, Movant
9  claims that he "still . . . has little understanding of th[e]
10 issues involve[d] in his case." Mot. for Appointment of Counsel
11 (doc. 101) at 2.  To support this assertion, Movant points out
12 that he mistakenly, as the court previously noted, sent his
13 written deposition questions to his aunts, rather than filing
14 them with the court and serving them upon the Government. See
15 id. (citing doc. 97 at 2).  Movant now asserts that that mistake
16 "qualif[ies] [him] to have counsel appointed under 18 U.S.C.
17 § 3006A and . . . pursuant to U.S.C. § 2255, Proc. Rule 6." Id.
18 Movant is thus seeking the appointment of counsel "to assist him
19 with [the] remainder of" the discovery as outlined in the January
20 11, 2007 discovery order. Id.
21     Clearly Movant's reason for seeking appointment of counsel
22 is very narrow.  As just indicated, Movant believes that he is
23 entitled to counsel because he made a mistake in conducting
24 discovery.  That is an insufficient reason for appointment of
25 counsel especially given Movant's "obvious[] familiar[ity]" with
26 the filing and service requirements of this court. See Doc. 97
27 at 2.  This one time procedural oversight does nothing to alter
28 the court's view that "Movant has demonstrated an understanding

- 6 -

1  of the issues and an apparent ability to coherently and
2  forcefully present [and] argue his case." See Doc. 87 at 5
3  (citing, *inter alia*, doc. 83 at 3 n.1). Likewise Movant's
4  assertion, yet again, that he has "little understanding of th[e]
5  issues involve[d] in [t]his case"[1] does not provide sufficient
6  justification for appointment of counsel here. See Dennis v.
7  Director of Corrections, 2007 433189, at *13 n. 3 (S.D.Cal. 2006)
8  (citing, *inter alia*, Chaney v. Lewis, 801 F.2d 1191, 1196 (9th
9  Cir. 1986) (*pro se* petitioner's claim that he was "'untrained in
10 the law, and [could] not adequately represent himself'" was
11 "insufficient to entitle [him] to appointed counsel[]").
12     Nor is appointment of counsel necessary for "effective
13 discovery" in this case. See 28 U.S.C. § 2255, R. 6(a). The
14 court's prior rulings have severely limited the scope of
15 discovery here. What is more, the court has detailed the
16 required discovery process in several orders, giving Movant
17 considerable leeway and guidance due to his *pro se* status. Thus,
18 because "[t]here is no constitutional right to counsel during
19 federal habeas proceedings[,]" Rives v. Horel, 2007 WL 4107389
20 (E.D.Cal. Nov. 16, 2007) (Alarcon, J.) (citing Bonin v. Vasquez,
21 999 F.2d 425, 429 (9th Cir. 1993)), and because the court finds
22 that the "interests of justice" do not require appointment of
23 counsel, 18 U.S.C. § 3006A(a)(2)(B), it denies Movant's motion
24 for appointment of counsel.
25 ***IV. Extension of Time***
26     It appears that the only possible extension of time which
27
28     [1]    Doc. 101 at 2.

-7-

would be necessary here relates to Movant's time in terms of his cross questions of attorney McWhirter. However, because the court has already granted Movant's motion directed specifically to that issue, there is no need for any additional extensions. This is especially so because aside from the cross questions of attorney McWhirter, Movant has not shown "extraordinary circumstances demonstrating good cause," which this court previously indicated would be the necessary showing for any further extensions of time. See Dco. 97 at 4. Thus, insofar as Movant is seeking any additional extensions of time in this December 6, 2007 letter submission, the court denies that request.

### *Conclusion*

For the reasons set forth above, the IT IS ORDERED that:

(1) "Movant's Motion to Request for Deposition Upon Written Questions and Submission of Written Questions[]" (doc. 98) is DENIED; and IT IS FURTHER ORDERED that:

(2) "Movant's Motion to Request for Leave to proceed to Cross-Question the Government's Deposition[]" (doc. 100) is GRANTED; and Movant has fifteen (15) days from the date of entry of this order in which to file and serve any cross questions he may have for attorney McWhirter. All other deadlines applicable to the service and filing of the parties' redirect and recross questions shall be measured in the manner provided in the court's January 11, 2007 order. See Order (doc. 83) at 3-5; and IT IS FURTHER ORDERED that:

(3) "Movant's Motion to Request for Appointment of Counsel (doc. 101)is DENIED; and IT IS FINALLY ORDERED that:

1  (4) Movant's letter request for an extension of time (doc.
2  107) is DENIED.
3  DATED this 7th day of January, 2008.

Robert C. Broomfield
Senior United States District Judge

copies to counsel of record and movant *pro se*

-9-