**WO**[i]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-99-00206-PCT-RCB |
| Plaintiff, | O R D E R |
| v. | |
| Gerald D. Naha, Sr., | |
| Defendant. | |

On November 15, 2013, the defendant *pro se* Gerald D. Naha, Sr. filed a Notice of Appeal ("NOA") (Doc. 149). In conjunction with the filing of his NOA, pending before the court is defendant Naha's motion to appoint appellate counsel (Doc. 146) and his "Application to Proceed *In Forma Pauperis* [("IFP")]" (Doc. 147). For the reasons set forth below, the court hereby **DENIES** the defendant's motion and his IFP application.

### *Background*

Because he did not have the financial means to obtain his own legal counsel, through the years, the defendant has been represented by the Federal Public Defender's Office for the District of Arizona, and, more recently, by attorneys from the Criminal Justice Act Panel. On August 23, 2013, however, after conducting a Faretta hearing, the Honorable Magistrate Judge Michelle H. Burns, found that defendant Naha could

represent himself and allowed him to proceed *pro se*.[1] Doc. 135. Thereafter, on September 5, 2013, the defendant admitted to violating special condition #1 (allegation B) in the Petition to Revoke Supervised Release. Ord. (Doc. 145) at 1:17-18; see also Doc. 138 (Minute Entry). Based upon the foregoing, on October 28, 2013, this court revoked the defendant's supervised release and committed him to the custody of the Bureau of Prisons for a term of eight months. Id. at 1:19-21. The court further ordered that upon release that the defendant be placed on supervised release for 27 months. Id. at 1:22-23.

On November 15, 2013, as noted above, defendant Naha timely filed a NOA; a motion for appointment of counsel; and an IFP application. The NOA indicates that the defendant "inten[ds]" to appeal his "conviction" to the Ninth Circuit Court of Appeals. NOA (Doc. 149) at 1. The NOA states that defendant's "Sentencing Date" was October 28, 2013. Id. Thus, what the defendant actually is appealing is this court's order of that same date revoking his supervised release (Doc. 145). With that clarification, the court will proceed to consider defendant Naha's pending motion for appointment of counsel and his IFP application.

## *Discussion*

Fed. R.App. P. 24(a)(3)(A) provides as follows:

> [A] party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court before or after the notice of appeal

---

[1] In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court established that "[t]he Sixth Amendment not only guarantees the right to counsel, but also guarantees the converse right to proceed without counsel at trial." United States v. Farias, 618 F.3d 1049, 1051 (9th Cir. 2010) (citation omitted). In this Circuit when a defendant, as did Mr. Naha, "makes an unequivocal request to proceed pro se, the court must hold a hearing--commonly known as a Faretta hearing--to determine whether the defendant is knowingly and intelligently forgoing his right to appointed counsel." Id. at 1051-1052 (citation omitted).

>is filed certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

Fed. R.App. P. 24(a)(3)(A). Analogously, 28 U.S.C. § 1915(a)(3) of the Prison Litigation Reform Act provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is "not taken in good faith" if it is "frivolous." See Ellis v. United States, 356 U.S. 674, 674–75, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445) ("The good faith requirement is satisfied if the petitioner seeks review of any issue that is 'not frivolous.'") "For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact." Parker v. Montana Bd. of Pardons & Parole, 2013 WL 6008310, at *3 (D.Mon. Nov. 12, 2013) (citing Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984)).

Primarily because the defendant himself admitted to violating one of the special conditions of his supervised release, it is difficult, if not impossible to conceive of any arguable basis in law or fact for his appeal. Therefore, because defendant Naha has not established that his appeal is taken in good faith, the court denies the requested relief. The court's finding does not, however, prevent defendant Naha from seeking leave to proceed *in forma pauperis* in the Ninth Circuit Court of Appeals pursuant to, and in compliance with Federal Rule of Appellate Procedure 24(a)(5). [2]

---

[2] That Rule states as follows:

>A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

For these reasons, **IT IS ORDERED** that:

(1) Defendant's motion requesting appointment of counsel (Doc. 146) is **DENIED**;

(2) Defendant's Application to Proceed *In Forma Pauperis* (Doc. 147) is **DENIED**; and

(3) The docket shall reflect that this court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App. P. 24(a)(3)(A), that defendant's appeal (Doc. 149) is not taken in good faith.

DATED this 22nd day of November, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

---

Fed. R.App. P. 24(a)(5).