WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-99-00206-1-PCT-RCB |
| Plaintiff, | **O R D E R** |
| v. | |
| Gerald Dewayne Naha, | |
| Defendant. | |

Pending before the court is *pro se* defendant Gerald Dewayne Naha's motion for reconsideration (Doc. 152). Defendant Naha is seeking to have this court reconsider its order denying him appointment of appellate counsel and denying his application to proceed *in forma pauperis* on appeal. In denying those motions, the court specifically found that defendant's appeal of this court's order revoking supervised release was not taken in good faith. Ord. (Doc. 151) at 4:7-8. As discussed below, because the defendant has not made the requisite showing for reconsideration under LRCiv 7.2(g), the court **DENIES** his motion.

On more than one occasion, this court has pointed out that "'[m]otions for reconsideration are disfavored and should be granted only in rare circumstances.'" Ellsworth v. Prison Health Services Inc., 2013 WL 1149937, at *1 (D.Ariz. March 20, 2013) (quoting Morgal v. Maricopa County Bd. of Sup'rs, 2012 WL 2368478, at *1 (D.Ariz. June 21, 2012) (quoting, in turn, U.S. v. Vistoso Partners, LLC, 2011 WL 2550387, at *1 (D.Ariz. June 27, 2011) (citation omitted)). Consistent with that view,

LRCiv 7.2(g)(1) unequivocally states, in part:

> The Court will *ordinarily deny* a motion for reconsideration of an Order *absent a showing of manifest error **or** a showing of new facts or legal authority* that could not have been brought to its attention earlier with reasonable diligence.

LRCiv 7.2(g)(1) (emphasis added).   Defendant Naha has made neither showing.

The sole basis for the defendant's reconsideration motion is that purportedly the court "overlook[ed]" that, when revoking his supervised release, it had "instructed [him]," among other things, that "'if he wants an attorney appointed to him, to write the court and request one.'" Mot. (Doc. 152) at 1.   At his final disposition hearing, the court did inform the defendant that "[i]f you can't afford the cost of an appeal, including a lawyer, those costs and that lawyer will be provided to you without any cost to you." Tr. (Oct. 28, 2013) at 12.

Despite what defendant Naha implies, that statement does not show "manifest error" in denying appointment of appellate counsel where, as this court previously found, his appeal was not taken in good faith.  Relatedly, because the defendant is maintaining that his appeal is being "taken in good faith[,]" Mot. (Doc. 152) at 1, it is possible to construe his motion as nothing more than his disagreement or dissatisfaction with this court's contrary finding. "Such 'dissatisfaction' or disagreement is not 'a proper basis for reconsideration[]' though." Morgal, 2012 WL 2368478, at *1 (quoting Spain v. EMC Mortg. Co., 2008 WL 2328358, at *2 (D.Ariz. June 4, 2008) (internal quotation marks and other citations omitted); see also Dennis v. Ayers, 2008 WL 1989304, at *1 (N.D.Cal. May 6, 2008) (Petitioner's disagreement "with the Court's prior resolution of the claim ... is, of course, [an] insufficient [basis] for ... granting] a motion for reconsideration.")).

Nothing herein shall prevent defendant Naha from proceeding in accordance with the instructions provided to him by the United States Court of Appeals for the Ninth Circuit with respect to seeking appointment of counsel for his appeal.

To conclude,  because the defendant has not met his burden of showing that he is

entitled to reconsideration pursuant to LRCiv 7.2(g), the court **ORDERS** that:

(1) defendant Naha's "Motion of Objection to Order Doc. No. 151" (Doc. 152) is **DENIED**.

DATED this 2nd day of January, 2014.

_____
Robert C. Broomfield
Senior United States District Judge