IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Gerald Dewayne Naha, Sr.,<br><br>                Defendant. | No. CR-99-0206-PCT-GMS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT JUDGE:

      Pursuant to the referral of the presiding District Judge, this matter came on for a revocation hearing.

      The Petition alleges two violations. Allegation A alleges that Defendant violated Standard Condition Number 8 (prohibiting "use [of] any narcotic or other controlled substance"). Allegation B alleges a violation of Special Condition Number 11 which required that the Defendant "reside in and participate in a Residential Re-Entry Center, or any other residential based program approved by the supervising probation officer for 180 days, unless discharged earlier by the probation officer or by order of this Court."

      The Supervising Probation Officer, Elizabeth Kraft, testified at the hearing that she reviewed the conditions of supervision with the Defendant at the end of February 2014, but he refused to sign them because he said his case was on appeal and it was an illegal sentence.

Defendant was placed at New Beginnings Treatment Center in Tucson and the Probation Officer testified that staff informed her that there were issues associated with Mr. Naha's compliance with the facility's rules. The staff suggested that Mr. Naha had been smoking the synthetic marijuana known as Spice. This led to a conversation between Mr. Naha and Probation Officer Kraft in which he admitted to using Spice while at New Beginnings.

Throughout the revocation hearing, Defendant contended that statements about what staff members told Officer Kraft about the Defendant's conduct and the April 4, 2014 letter from the Acting Program Director at New Beginnings to Officer Kraft should be excluded as hearsay. The government countered that the other incident reports that the Officer testified about where not offered for the truth of the matter asserted but for the purpose of demonstrating the state of mind of the Probation Officer. Defendant cited *United States v. Hall*, 419 F.3d 980 (9th Cir. 2005), in which the Ninth Circuit held that *Crawford* did not apply to revocation proceedings. *Id.* at 985. Also, Rule 32.1(b)(2)(C) provides for the Defendant to have the opportunity to question any adverse witness <u>unless the court determines that the interest of justice does not require the witness to appear</u>. (emphasis added). In a revocation hearing, "the Court is permitted 'to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.'" *United States v. Hilger*, 728 F.3d 947, 950 (9th Cir. 2013), *quoting Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Nevertheless, the Court applies the balancing test of *United States v. Comito*, 177 F.3d 1166, 1169-70 (9th Cir. 1999), and weighs the significance of the hearsay evidence against the reasons the witness was not produced and determines that here we have a confession that the Defendant used Spice and thus the hearsay evidence is ancillary to the main proof. Moreover, the Court is mindful that requiring the New Beginnings staff to appear to testify would impose a significant burden on the witnesses as it would require them to travel roughly 220 miles round trip and likely result in the loss of a day's attention to their other duties. Thus, the

1  Court concludes that the interests of justice do not militate in favor of the witness'
2  appearance in Court.
3  　　　　Defendant also contends that the revocation cannot be based solely on Defendant's
4  uncorroborated confession of having used the synthetic marijuana.  However, the case
5  Defendant cites, *United States v. Hilger*, 728 F.3d 947 (9th Cir. 2013), holds that the
6  *corpus delicti* rule announced in *Opper v. United States*, 348 U.S. 84 (1954), does not
7  apply to supervised release proceedings.  Moreover, Naha's confession does not stand in
8  isolation but in the context of the half-way house staff reporting that they suspected he
9  was using Spice.
10 　　　　Allegation B alleges that Defendant violated Special Condition Number 11
11 because he failed to "reside in and participate in a Residential Re-entry Center".  The
12 Probation Officer testified that New Beginnings staff informed her that Naha was
13 discharged for failure to follow program rules and to follow the directions of the staff
14 members.  In particular, she testified that the staff informed her that Naha refused to be
15 transported by staff to treatment visits, insisting that he be allowed to walk there himself.
16 Officer Kraft testified that she understood that Defendant wanted to walk because he had
17 an acrimonious relationship with a New Beginnings staff member named Omar and that
18 he was trying to avoid a fight by not traveling with him.  The above-referenced April 4
19 letter admitted into evidence over Defendant's hearsay objection recounts Naha's failure
20 to comply with the New Beginnings' requirements and his ultimate discharge.  The
21 Probation Officer affirmed these incidents through her frequent contact with the New
22 Beginnings' staff.  Finally, in rebuttal to the Defendant's argument complaining of the
23 lack of admissible evidence documenting his discharge, the Probation Officer testified
24 that she learned that after she informed New Beginnings that she would be presenting a
25 revocation petition and asking that Naha remain at New Beginnings until the warrant
26 could be obtained, she was told by staff there that he had absconded.  Officer Kraft
27 testified that she learned that Naha was picked up that night by City of Mesa Police.
28

1    Accordingly, the Court FINDS that the Government has met its burden of proof by
2 demonstrating that Allegations A and B are true by a preponderance of the evidence, and
3 therefore RECOMMENDS that the Defendant's term of supervised release be revoked.
4    This recommendation is not an order that is immediately appealable to the Ninth
5 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules
6 of  Appellate Procedure, should not be filed until entry of the district court's judgment.
7 The parties shall have fourteen days from the date of service of a copy of this
8 recommendation within which to file specific written objections with the Court.  *See*, 28
9 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure.  Failure to
10 timely file objections to the Magistrate Judge's Report and Recommendation may result
11 in the acceptance of the Report and Recommendation by the District Judge without
12 further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
13 Failure to timely file objections to any factual determinations of the Magistrate Judge will
14 be considered a waiver of a party's right to appellate review of the findings of fact in an
15 order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
16 59, Federal Rules of Criminal Procedure.
17    Dated this 5th day of June, 2014.

_____
David K. Duncan
United States Magistrate Judge