WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United State of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Gerald Dewayne Naha, Sr.,<br><br>　　　　　Defendant. | No. CR-99-00206-001-PCT-GMS<br><br>**ORDER** |

　　　　Pending before the Court is a Petition to Revoke Supervised Release. (Doc 156.) Gerald Dewayne Naha, Sr. was convicted in 2000 and sentenced to 160 months in prison followed by 36 months of supervised release. In 2013, his supervised release was revoked and he was sentenced to an additional eight months imprisonment followed by 27 months of supervision. On April 15, 2014 a second petition to revoke probation was filed alleging that Naha used a prohibited substance and was unsuccessfully terminated from a Residential Re-Entry Center.

　　　　Magistrate Judge David K. Duncan conducted an Evidentiary Hearing on May 12, 2014 and prepared a Report and Recommendation ("R & R") recommending that the Court revoke Naha's term of supervised release. (Doc. 175.) Defendant filed Objections to Report and Recommendation. (Doc 176.) Because an objection has been filed, the Court will review the Petition *de novo*. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc.) District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo

determination of those portions of the [R & R] to which objection is made.") For the following reasons, the Court accepts the R & R and denies the Objections.

## DISCUSSION

Naha first objects to the description of his two violations as contained on page 1, lines 18–23 of the R & R. He feels that the R & R should include the specific facts from the Petition notice, arguing that due process requires notice of what is being defended. Naha cites to no legal authority for this objection. There are sufficient details in other portions of the R & R about the factual basis for the probation violations, and the Court finds no due process violation.

Naha's second objection is to the alleged admittance of hearsay without foundation or opportunity for confrontation. The alleged hearsay includes statements from the staff at New Beginnings, incident reports, and the probation officer's conversations with others. Magistrate Judge Duncan noted that *Crawford* does not apply to revocation hearings. *United States v. Hall*, 419 F.3d 980 (9th Cir. 2005). Instead, he applied the balancing test from *United States v. Comito*, 177 F.3d 1166, 1169–70 (9th Cir. 1999). Naha does not argue that the legal rule applied by Magistrate Judge Duncan or the elements weighed were improper. Instead Naha argues that different weight should be assigned to the importance of the hearsay and nature of the facts established by it. He also argues that the government did not establish any undue burden on the appearance of witnesses. Upon review of these factors the Court reaches the same conclusion as Magistrate Judge Duncan and for the same reasons find that the evidence was properly admitted and considered.

Naha's third objection is based on the *corpus delicti* rule, which he acknowledges does not apply to supervised release proceedings. *United States v. Hilger*, 728 F.3d 947 (9th Cir. 2013). He argues nevertheless that a court cannot introduce uncorroborated confessions and should determine whether a violation has been established through a preponderance of evidence on a case-by-case basis. As discussed by Magistrate Judge Duncan, even if the rule did apply, Naha's confession was corroborated by the

observations of the staff at New Beginnings. Naha argues that he should have been drug tested or that the green leafy substance found should have been analyzed. None of this is required before admitting the confession.

Finally, Naha objects to Magistrate Judge Duncan's findings that the government met its burden in regards to both allegations and he objects to the recommendation that supervised release be revoked. His argument is founded primarily upon the confrontation clause and *corpus delicti* objections that were rejected above. Upon review, this Court finds that the government did meet its burden as to both allegations for the reasons described in the R & R. The Court also determines that Naha's supervised release should be revoked.

Accordingly,

**IT IS THEREFORE ORDERED** that Magistrate Judge Duncan's Report and Recommendation (Doc. 175) is **ACCEPTED.**

Dated this 8th day of August, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge